UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JAKE RALPH STILLS, )
)
    Plaintiff, )
) No.: 2:21-CV-109-DCLC-CRW
v. )
)
GREENEVILLE, et al., )
)
    Defendants. )

### MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's handwritten complaint lodging allegations against the City of Greeneville and the Greeneville County Sheriff's Department [Doc. 1] along with a motion for leave to proceed *in forma pauperis* [Doc. 4].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the required $400.00 filing fee, nor has be submitted the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff has not filed a certified copy of his inmate trust account.[1]

---

[1] With his motion for leave to proceed *in forma pauperis*, Plaintiff filed a note indicating that there is no notary at the Greene County Detention Center [Doc. 4 p. 3]. Plaintiff is **DIRECTED** to show this Order to the custodian of trust accounts at his current facility, who is **DIRECTED** to make a copy of Plaintiff's inmate trust account statement, to complete and sign the certificate, and to provide Plaintiff with the certified copy of his inmate trust account statement for the six-month period preceding Plaintiff's complaint.

Plaintiff shall have twenty-one (21) days from the date of entry of this Order to pay the full filing fee or to submit the necessary documents. Plaintiff is hereby **NOTIFIED** that if he fails to fully timely comply with this Order, the Court shall presume that Plaintiff is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution.

Additionally, the Court finds that Plaintiff's handwritten complaint is devoid of any factual allegations that would allow the Court to screen this action as required by the PLRA. *See* 28 U.S.C. §1915(e)(2) and § 1915A. Accordingly, Plaintiff is **ORDERED** to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the party/parties responsible within twenty-one (21) days of entry of this Order. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff should avoid legal citations or legal arguments in his amended complaint. Rather, he should focus on clearly and succinctly setting forth the facts – the who, what, where, when, and why – of his claims. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any motion for relief until after the Court has screened the complaint pursuant to the PLRA, which the Court will do as soon

as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**E N T E R :**

                                                s/Clifton L. Corker
                                                United States District Judge