UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JAKE RALPH STILLS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No.: 2:21-CV-109-DCLC-CRW |
| v. | ) | |
| GREENEVILLE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner housed in the Greene County Detention Center, is proceeding pro se on an amended complaint alleging a violation of 42 U.S.C. § 1983 [Doc. 6][1]. He has also filed a related motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed in *forma pauperis* and dismiss his complaint for failure to state a claim upon which relief may be granted.

I.     **MOTION TO PROCEED *IN FORMA PAUPERIS***

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 4] will be **GRANTED**. Because Plaintiff is an inmate in the Greene County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account

---

[1] The Court ordered Plaintiff to file an amended complaint after finding Plaintiff's initial handwritten complaint failed to contain any factual allegations [Doc. 5].

for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.     SCREENING OF COMPLAINT

### A.     Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Plaintiff's Allegations

Despite the Court's prior instruction to Plaintiff to set forth "the who, what, where, when, and why" of his claims in his amended complaint [Doc. 5, p. 2], Plaintiff has failed to clearly identify and factually support his claims [*See generally*, Doc. 6]. Nonetheless, affording the amended complaint liberal construction, the Court finds that Plaintiff alleges the following:

1. Plaintiff has been arrested on his own property by the Greeneville Police Department and Greene County Sheriff's Department three times in the past year as an act of harassment.[2]

2. Money is missing from Plaintiff's prison commissary account, and Plaintiff is overcharged for medical services.

3. Officers and nurses disrespect Plaintiff.

4. Plaintiff is not allowed his "reg[ular] medicine."

---

[2] Plaintiff, without explanation, states that the harassment is "mostly" because of the Estate of Lynn Ashiew [Doc. 6, p. 4].

3

5. Plaintiff has missed his doctor's appointment.

6. Cleanliness at the Greene County Detention Center is poor.

7. The jail administrator does not make regular appearances at the facility.

8. Plaintiff is abused by officers.

9. The facility's logbook is falsified.

[Doc. 6, p. 4]. Plaintiff requests that the Court allow him to "sue to [the] fullest ex[tent] of the law," move him to a new facility, and require Defendants to refund his money [*Id*. at 5].

### C. Analysis

First, Plaintiff alleges that he has been arrested on his own property three times in the past year [Claim 1]. This allegation is unsupported by any additional facts, such as whether the arrest was warrantless or without probable cause, that would allow the Court could plausibly infer that his arrest violated his constitutional rights. Therefore, this claim fails to raise a right to relief and will be dismissed. *See, e.g., Twombly*, 550 U.S. at 555, 570.[3]

Second, the Court considers Plaintiff's allegations regarding commissary and medical charges [Claim 2]. The Court finds these allegations conclusory and insufficient to state a plausible claim for relief. *See, e.g., Twombly*, 550 U.S. at 555, 570. The Court otherwise notes that the United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a State employee randomly deprives an individual of property, provided that the State makes available a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527,

---

[3] The Court otherwise notes that, to the extent Plaintiff asserts this claim to seek dismissal of any pending criminal charges, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Here, Plaintiff does not allege any unusual or extraordinary circumstances that cannot be addressed through his defense at any subsequent criminal trial.

543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL 839037, at * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged wrong as is necessary to sustain his § 1983 claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983).

Third, Plaintiff claims that officers and nurses have disrespected and/or harassed him [Claim 3]. As with Plaintiff's claims addressed above, this allegation is conclusory and insufficient to state a plausible claim for relief. *See, e.g., Twombly*, 550 U.S. at 555, 570. Regardless, a defendant's verbal harassment or intimidation, while unpleasant, does not raise a constitutional issue. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that allegations of harassment and verbal abuse are insufficient to assert a claim under the Eighth Amendment). Therefore, this claim will be dismissed.

Fourth, Plaintiff claims that he is not allowed his regular medicine and that he has missed a doctor's appointment [Claims 4 and 5]. An officer's deliberate indifference to an inmate's serious medical needs is a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). Here, Plaintiff has set forth no facts from which the Court could plausibly find that Plaintiff has a serious medical need, or that any Defendant acted with a culpable state of mind to deny Plaintiff that need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding deliberate indifference requires plaintiff to show official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" from the denial of care, and that he drew such an

inference). Accordingly, Plaintiff's allegations regarding a lack of medical care at the facility fail to state a claim for relief under § 1983. *See, e.g., Twombly*, 550 U.S. at 555, 570.

Fifth, Plaintiff claims that the detention center is not clean [Claim 6], that the jail administrator fails to make regular appearances [Claim 7], and that the logbook is falsified [Claim 9]. The Court considers these vague allegations as challenges to the conditions of Plaintiff's confinement. The Supreme Court has held that conditions constituting "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citations and quotations omitted). However, nothing in Plaintiff's allegations suggest that these conditions create an unreasonable risk of damage to Plaintiff's health or safety, nor does Plaintiff allege that he has been harmed by any of these conditions. Accordingly, Plaintiff's allegations fail to raise Plaintiff's right to relief above a speculative level, and therefore, they fail to state a claim. *See Twombly*, 550 U.S. at 555, 570. These claims will be dismissed.

Finally, Plaintiff alleges that he has been abused by officers [Claim 8]. Plaintiff does not inform the Court whether the alleged abuse was verbal or physical. However, the Court has already noted, *supra*, that verbal abuse fails to state a constitutional claim. Moreover, regarding any intended allegation of physical force, a pretrial detainee may demonstrate that he was subjected to an excessive use of force by showing that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Here, Plaintiff has offered no facts from which this Court could plausibly infer that any physical force used against Plaintiff was unreasonable, and

6

Case 2:21-cv-00109-DCLC-CRW   Document 8   Filed 07/22/21   Page 6 of 7   PageID #: 27

Plaintiff's conclusory allegation fails to state a constitutional claim. *See Twombly*, 550 U.S. at 555, 570.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's claims fail to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**ENTER:**

s/Clifton L. Corker
United States District Judge